WIGGINTON, Judge.
Appellant appeals and employer/carrier cross-appeal the JCC’s order awarding workers’ compensation benefits to appellant but apportioning 50 percent of those benefits on the basis of appellant’s preexisting arteriosclerosis condition. We reverse as to the points raised on appeal and affirm the points raised on cross-appeal.
On the apportionment issue, as the JCC found, the evidence showed that appellant had a preexisting, non-disabling and asymptomatic arteriosclerosis condition at the time of the occurrence of his com-pensable heart attack on July 21, 1988. As fully explained in Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla. 1967), when a preexisting condition is not producing any disability at the time of the compensable accident, only that portion of the claimant’s current disability which is attributable to the normal progress of the preexisting disease and thus would have occurred without the aggravating accident may be apportioned. See also Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986). The record in this case contains no competent substantial evidence that the normal progress of appellant’s preexisting disease would have created any disability, independent of the effects of the compensable heart attack, at the time of the final hearing. Thus, since the employer/carrier failed to prove that application of their affirmative defense of apportionment is appropriate in this case, that portion of the order apportioning 50 percent of the benefits awarded due to the preexisting condition is hereby reversed.
We find the points raised by employer/carrier on cross-appeal to be without merit. The record contains competent substantial evidence to support the JCC’s determination that appellant’s heart attack is compensable and that appellant has reached maximum medical improvement with a permanent total disability.
AFFIRMED in part and REVERSED in part.
SHIVERS and BARFIELD, JJ., concur.