DAVIS, Judge.
The City of Miami Beach and Johns Eastern Co., Inc. (E/C) have appealed a non-final order of the judge of compensation claims (JCC) finding compensability of the claimant’s hernia and liver cancer conditions. We affirm the finding of compensability as to the hernia and affirm the alternate finding of responsibility for treatment of the cancer condition, with the limitation expressed below.
In April 1991, Roman Korostishevski had worked for the City of Miami for 13 years maintaining tennis courts. His duties throughout that time involved loading and unloading 80-lb. bags of tennis court clay onto carts. He would then spread 15-25 bags of the dusty material per court onto 1 or 2 courts per day. Korostishevski’s duties also required him to hand-spray weeds with herbicide.
Korostishevski testified that, on April 23, 1991, upon lifting a bag of tennis court clay, he immediately felt abdominal pain and nausea. He reported the incident to his supervisor, who authorized him to consult his family doctor, Dr. Lebow. Korostishevski purchased a hernia belt at Dr. Lebow’s instruction. Dr. Lebow referred him to a liver disease specialist. Korostishevski was eventually diagnosed with a left inguinal hernia and liver cancer. He then came under the care of an oncologist, Dr. Feun, who administered chemotherapy.
Due to the exigent nature of his liver condition, Korostishevski’s hernia was not immediately treated. In October 1991, the hernia became symptomatic when the liver condition began to cause massive abdominal fluid retention. Korostishevski was then evaluated by Dr. Unger, who felt that surgical repair of the hernia was indicated. Dr. Unger stated, however, that, before he could correct the hernia, he would have to alleviate the accumulation of abdominal fluid, the pressure of which would retard healing after surgery and could cause recurrence of the hernia. Unger operated in November 1991, repairing the hernia and inserting an internal shunt to aid in draining the fluid. The hernia repair was successful, but the shunt never operated properly.
In February 1992, Korostishevski filed a claim for benefits, but the parties agreed that the case would be initially tried only on the issue of the compensability of both conditions. At the hearing, Korostishevski testified to the circumstances of the lifting incident and that he had never had any trouble performing his duties prior thereto. Further, while Dr. Lebow did not testify, and his office notes are illegible, it is undisputed that Korostishevski consulted him immediately following the lifting incident and that he prescribed a “hernia belt.” While no other expert testified as to the cause of the hernia, Unger testified that heavy lifting such as that described by Korostishevski could “absolutely” cause the type of hernia from which he suffered.
As to the compensability of the liver cancer, Korostishevski testified to 13 years of daily exposure to tennis court clay dust, and herbicide. Dr. Feun testified that “chemical exposure” generally was “definitely a possibility” in the development of liver cancer, and that it was “possible” that claimant’s exposure to “chemicals” had caused his cancer. However, Dr. Feun stated that he could not give a definite opinion on causation without toxicological analysis of the substance to which. Korostishevski was exposed, which analysis he had not performed. The E/C presented the testimony of Dr. Pfaffenberger and Dr. Rubini, neither of whom found any correlation between the tennis court clay and Korostishevski’s cancer. Dr. Rubini was just as definite as to any correlation between herbicide and Korostishevski’s cancer; Dr. Pfaffenberger declined to give any opinion as to that connection.
The JCC subsequently entered an order finding the hernia compensable based on the claimant’s testimony and the testimony of Dr. Unger that heavy lifting could cause such a condition. As for the cancer, the JCC *1244 found that Korostishevski had presented clear evidence (his own testimony and that of Dr. Feun) that it was related to his employment, and that the E/C had not met its consequent burden to show a more logical cause for it, citing Schafrath v. Marco Bay Resort, Ltd., 608 So.2d 97 (Fla. 1st DCA 1992).
The JCC found alternatively that, if the cancer was not compensable, the E/C was nevertheless responsible for treating it on the theory that treatment for a condition not causally related to employment is the E/C’s responsibility if one of the primary purposes of that treatment is to remove a hindrance to recovery from a compensable condition, citing Urban v. Morris Drywall Spray, 595 So.2d 60 (Fla. 1st DCA 1991). Relying on Dr. Unger’s testimony that the fluid caused by the cancer would endanger Korostishev-ski’s recovery from the hernia, the JCC found the E/C responsible for cancer treatment.
In workers’ compensation cases not involving occupational disease, the claimant has the burden to provide competent, substantial evidence of a state of facts from which it may be found, consonant with logic and reason, that an injury was sustained in the course of and arising out of the employment. The burden then shifts to the E/C to overcome that showing with competent evidence of another cause more logical and consonant with reason. Schafrath at 102-03.
The facts adduced by Korostishevski show that he was asymptomatic for a hernia prior to the April 1991 lifting incident; that his supervisor knew of the incident and authorized the visit to Dr. Lebow; that Dr. Lebow prescribed a hernia belt; and that heavy lifting is “absolutely” the most common cause of claimant’s type of hernia. We find that this is competent, substantial evidence of facts from which it may be found that Korostishevski suffered the hernia in the course and scope of his employment. We find no error in the JCC’s finding of com-pensability as to this condition.
As for Korostishevski’s cancer, cause must be proven other than by merely showing that it is logical that a disease arose out of employment. A claimant must provide clear evidence of causation, not speculation or conjecture, i.e., supposition without premise of fact. Wiley v. Southeast Erectors, Inc., 573 So.2d 946, 948 (Fla. 1st DCA), review denied mem., 582 So.2d 623 (Fla.1991). Here, Dr. Feun’s opinions as to causation were equivocal at best (“possible” that Korostishevski’s exposure to “chemicals” could have caused the cancer), and he conceded that he had performed no objective tests that might provide the foundation for a more definite opinion on causation. Based on Korostishevski’s failure to provide clear evidence that his liver cancer was causally related to his employment, we find that the JCC erred in finding that condition compen-sable.
However, treatment for a condition not shown to be causally related to a compen-sable injury is the responsibility of the E/C “if one of the primary purposes of the treatment is also removal of a hindrance to recovery from the compensable accident.” Roth Brothers of Florida v. Spodris, 451 So.2d 947 (Fla. 1st DCA 1984). See also Urban (a claimant may be awarded treatment for a preexisting medical condition which is not directly related to a compensable injury if the condition interferes with or retards recovery from the compensable injury).
Here, the only evidence that Koros-tishevski’s cancer was “interfering with or retarding recovery” from the hernia was that certain effects of the disease, i.e., the accumulation of abdominal fluid, might cause the hernia to heal improperly or to recur. There was no testimony that the cancer per se was “interfering with or retarding” recovery from the hernia. Because Korostishevski is entitled under this theory only to that treatment of his cancer necessary to effectively treat the hernia, we interpret the JCC’s finding of responsibility to incorporate this restriction.
We therefore affirm the finding of com-pensability of Korostishevski’s hernia condition, as well as the JCC’s finding that the E/C was responsible for the treatment of claimant’s cancer, interpreting that finding to assign responsibility only for that treatment *1245 necessary to effectively treat the compensa-ble hernia condition.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.