825 So.2d 1018 (2002)
Mariana MEDINA, Appellant,
v.
GULF COAST LINEN SERVICES and Commercial Risk, Appellee.
No. 1D01-2551.
District Court of Appeal of Florida, First District.
September 6, 2002.
*1019 Jerold Feuer, Miami; Bill B. Berke, of Berke & Lubell, P.A., Cape Coral; and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Jeffrey D. Kottkamp, of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for Appellee.
PER CURIAM.
In this appeal appellant raises several constitutional claims against the order of the Judge of Compensation Claims (JCC) below determining under section 440.09, Florida Statutes, that as a result of appellant's commission of a fraudulent act she is no longer entitled to workers' compensation benefits. We affirm.
The facts determined at the hearing below are undisputed. Appellant was injured within the course and scope of employment on March 29, 1999, and she began receiving workers' compensation benefits. During a visit to her doctor in December 2000, she was given a prescription for Percocet of sixteen pills with no refills. Appellant understood that the prescription was limited and that the prescription could not be refilled. Appellant maintained the prescription form in her possession and presented it at a pharmacy. Suspecting the form had been altered, the pharmacist contacted appellant's physician. Subsequently, the pharmacist refused to fill the prescription, which now called for 26 pills and three refills, and refused to return the form to appellant. A comparison of the original prescription form presented to the pharmacy with the photocopy retained by appellant's physician clearly revealed the alterations made to the original, which appellant denied making. Eight days after this incident, appellant entered a walk-in clinic complaining of pain related to her injury and requesting Percocet. Upon her representation that she would see her regular physician the following day, the pain medication was provided to her. When she saw her physician, however, she related that she had gone to the walk-in clinic for an unrelated condition. The JCC found appellant's testimony to be not credible and that claimant altered the prescription form. The JCC determined that appellant committed workers' compensation fraud under subparagraphs 440.105(4)(b)1. and 2., Florida Statutes. As a result, the JCC concluded under subsection 440.09(4) that appellant was no longer entitled to receive workers' compensation benefits for the injuries she sustained in the workplace accident.
Although subsection (1) of section 440.09, Florida Statutes, provides that "[t]he employer shall pay compensation or furnish benefits required by this chapter if *1020 the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment," an injured worker's right to receive benefits is not absolute. Subsection (4) of that section qualifies the right as follows:
An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in § 440.105 for the purposes of securing workers' compensation benefits.
Section 440.105 in turn contains provisions prohibiting any person from committing fraud, by, e.g., making a false statement, to obtain workers' compensation benefits.[1] In the instant case, having held a hearing upon the employer's petition and having determined that appellant committed workers' compensation fraud in violation of section 440.105, the JCC determined under the above provision that appellant was no longer entitled to receive workers' compensation benefits. Appellant challenges subsection 440.09(4) on several constitutional grounds: that it violates due process; that it violates appellant's right to jury trial and right of access to the courts; and that it violates the constitutional provision for separation of powers. These constitutional claims are reviewed de novo. See Ocala Breeders' Sales Co. v. Florida Gaming Ctrs., Inc., 731 So.2d 21, 24 (Fla. 1st DCA 1999), aff'd, 793 So.2d 899 (Fla. 2001). See also Bradley v. Hurricane Rest., 670 So.2d 162, 164 (Fla. 1st DCA 1996) (stating that JCC lacks jurisdiction to find workers' compensation act unconstitutional), review denied, 678 So.2d 337 (Fla.1996). In addition, there is a strong presumption that a state statute is constitutionally valid, and "an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt." Todd v. State, 643 So.2d 625 (Fla. 1st DCA 1994), review denied, 651 So.2d 1197 (Fla.1995), cert. denied, 515 U.S. 1143, 115 S.Ct. 2579, 132 L.Ed.2d 829 (1995); see Holley v. Adams, 238 So.2d 401 (Fla.1970).
Appellant contends that the loss of her entitlement to workers' compensation benefits constitutes a penalty or fine so extreme that it violates the due process provisions of both the federal and state constitutions. See U.S. Const. amend. XIV; Art. I, § 9, Fla. Const.; see also Rucker v. City of Ocala, 684 So.2d 836, 840-41 (Fla. 1st DCA 1996) (holding that injured employee's right to receive workers' compensation is protected by due process), review denied, 689 So.2d 1071 (Fla.1997). Initially, we note that this court previously has held that this statute does not offend the excessive fines clauses of the constitutions because no payment is made to a sovereign. Wright v. Uniforms for Indus., 772 So.2d 560 (Fla. 1st DCA 2000). Neither must the claimant make any payment or return to the employer or carrier for benefits already received.
With regard to appellant's claim, the workers' compensation program must be viewed as a whole. It replaced the "unwieldy" tort system with a no-fault insurance program designed to meet the needs of both the workers and industry by ensuring that workers were "not being deprived of reasonably adequate and certain payment for workplace accidents" but also making it possible "for businesses to predict or insure for the cost of industrial accidents." De Ayala v. Florida Farm Bureau Cas. Ins., 543 So.2d 204, 206 (Fla. *1021 1989). As previously noted, a claimant's right to receive workers' compensation benefits is qualified; there is no right to receive benefits once a claimant commits fraud in obtaining benefits. The statute clearly addresses the grave problem of fraud that could completely undermine the system and serves a deterrent purpose more than a punitive one.
We reject appellant's argument that the strict scrutiny standard applies to her due process claim. See Bradley v. Hurricane Rest., 670 So.2d 162 (Fla. 1st DCA 1996), review denied, 678 So.2d 337 (Fla.1996); B & B Steel Erectors v. Burnsed, 591 So.2d 644, 647 (Fla. 1st DCA 1991), review denied, 599 So.2d 654 (Fla. 1992). Nevertheless, we find that even under such standard this provision passes constitutional muster. That the state has a compelling interest in eliminating fraud is conceded by appellant. Second, the statute could not be more narrowly drawn to protect the guarantee that injured workers will receive the benefits to which they are entitled. The statute is remedial in nature and acts both to deter fraud and to protect the workers' compensation program by providing that workers who engage in fraud within the system are not entitled to workers' compensation benefits.
Appellant also claims that the statute denies a claimant the constitutional right to jury trial and access to the courts. Art. I, §§ 21, 22, Fla. Const. The proceeding below, however, was not a prosecution for criminal fraud. It was a determination of entitlement to benefits. We hold that the worker's compensation system remains a valid alternative to the courts system. See De Ayala v. Florida Farm Bureau Cas. Ins. Co., 543 So.2d 204 (Fla.1989) (stating workers' compensation program is "in harmony" with open courts provision as an alternative to tort litigation and does not violate the right to jury trial); Lasky v. State Farm Ins. Co., 296 So.2d 9, 22 (Fla.1974); Bradley v. Hurricane Rest., 670 So.2d 162-164 (Fla. 1st DCA 1996), review denied, 678 So.2d 337 (Fla.1996); Rucker v. City of Ocala, 684 So.2d 836, 843 (Fla. 1st DCA 1996), review denied, 689 So.2d 1071 (Fla.1997).
Finally, the legislature's investment of the JCC with the authority to determine whether a claimant has committed fraud in obtaining workers' compensation benefits is not unconstitutional. See Art. II, § 3, Fla. Const. (providing for separation of powers of branches of government). Under the Workers' Compensation Act, it is the JCC, not the courts, who is empowered to determine an injured worker's entitlement to benefits. By making the factual determination of whether a claimant committed fraud to obtain benefits, a JCC does no more than make the determination of the worker's entitlement to benefits under section 440.09, Florida Statutes.
For the reasons discussed above, we affirm the order here appealed.
BARFIELD, MINER and POLSTON, JJ., concur.
NOTES
[1] The statute defines various fraudulent acts as crimes.