880 So.2d 721 (2004)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Karen S. JOHNSON and Charles Johnson, Appellees.
No. 2D02-1846.
District Court of Appeal of Florida, Second District.
May 12, 2004.
Rehearing Denied July 15, 2004.
*722 Tracy Raffles Gunn of Fowler White Boggs Banker P.A., Tampa, for Appellant.
Michael S. Finch, St. Petersburg, for Appellees.
FULMER, Judge.
State Farm Mutual Automobile Insurance Company appeals from a final judgment entered after a jury verdict in favor of Karen Johnson, plaintiff below, on her uninsured motorist claim. State Farm argues that the trial court erred in admitting expert testimony that trauma from an automobile accident was the legal cause of Mrs. Johnson's fibromyalgia. We conclude that the expert testimony was properly admitted and therefore affirm.
In October 1996, Mrs. Johnson was rearended by an uninsured driver. After the accident, Mrs. Johnson developed progressively debilitating symptoms. She was ultimately diagnosed as having fibromyalgia, a fact that is not disputed by State Farm. However, State Farm does dispute Mrs. Johnson's contention that the accident was the legal cause of her condition.
Prior to trial, State Farm sought, under Frye v. United States, 293 F. 1013 (D.C.Cir.1923), to exclude the expert testimony that linked Mrs. Johnson's fibromyalgia to the accident. In its motion, State Farm asserted that the experts "should be stricken under the Frye test as none of these experts' scientific opinions are generally accepted in the scientific community." At the hearing on the motion, the parties did not argue whether Frye was applicable. Instead, their arguments concerned whether the scientific community's failure to reach a generally accepted understanding of the physical mechanism that causes fibromyalgia requires the exclusion of expert opinion testimony that, within a reasonable degree of medical certainty, Mrs. Johnson's fibromyalgia resulted from the auto accident.
The parties agree that the cause (etiology) and the disease process (pathogenesis) of fibromyalgia are unknown to medical science. The parties also agree that while the etiology and pathogenesis are unknown, *723 there is an established association between trauma and fibromyalgia. State Farm argues that because the medical cause is unknown, expert opinion testimony cannot be offered to prove that in this case the accident trauma was the legal cause of Mrs. Johnson's fibromyalgia. Mrs. Johnson argues on appeal that the doctors offered pure opinion testimony that is not subject to Frye. Therefore, the trial court's decision to admit the expert testimony was right, but for the wrong reason. Based on our de novo review of the Frye issue in this case, see Castillo v. E.I. du Pont de Nemours & Co., Inc., 854 So.2d 1264, 1268 (Fla.2003), we agree.
"By definition, the Frye standard only applies when an expert attempts to render an opinion that is based upon new or novel scientific techniques. Therefore, in the vast majority of cases, no Frye inquiry will be requiredbecause no innovative scientific theories will be at issue." U.S. Sugar Corp. v. Henson, 823 So.2d 104, 109 (Fla.2002) (citations omitted). In Henson, the supreme court reaffirmed that a Frye inquiry "must focus only on the general acceptance of the scientific principles and methodologies upon which an expert relies in rendering his or her opinion." 823 So.2d at 110. Here, the medical experts rendered their opinions based on their clinical experience, Mrs. Johnson's history, and the recognized relationship or association between trauma and the onset of fibromyalgia. State Farm did not challenge the doctors' examination methods, their clinical practices, or Mrs. Johnson's history. Nor would it have been successful. "[D]ifferential diagnosis is the standard scientific technique of identifying the cause of a medical problem by eliminating likely causes until the most probable one is isolated. This technique has been found to have widespread acceptance in the medical community, to have been subjected to peer review, and to not frequently lead to incorrect results." U.S. Sugar Corp. v. Henson, 787 So.2d 3, 19 (Fla. 1st DCA 2000), affirmed, 823 So.2d 104 (Fla.2002).
Mrs. Johnson's experts did not base their opinions on a new or novel scientific test or procedure, and State Farm did not challenge the principles and methodologies that they did rely upon. Instead, State Farm challenged the opinions reached by the experts. But "Frye does not apply to `pure opinion testimony' based solely on the expert's personal experience and training." Henson, 787 So.2d at 14 n. 10. As the supreme court explained, "the opinion of the testifying expert need not be generally accepted as well. Otherwise, the utility of expert testimony would be entirely erased, and `opinion' testimony would not be opinion at allit would simply be the recitation of recognized scientific principles to the fact finder." Henson, 823 So.2d at 110.
We conclude that the testimony of Mrs. Johnson's experts was properly admitted and therefore affirm.
COVINGTON and WALLACE, JJ., concur.