PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in apportioning Claimant’s permanent total disability (PTD) benefits, and in denying Claimant’s claims for penalties, interest, costs, and attorney’s fees associated with the apportionment of Claimant’s PTD benefits. Because we reverse the order on appeal based upon Claimant’s first issue, we reverse and remand the associated denial of penalties, interest, costs, and attorney’s fees.
Background
In February 2008, Claimant suffered a non-occupational injury to his low back and underwent an L5-S1 discectomy on March 13, 2008. On May 7, 2008, Claimant was released to work without restrictions or permanent impairment.
On August 7, 2008, Claimant suffered a second low back injury in a compensable accident while working as a driver/garbage collector for the Employer. Claimant underwent a lumbar discectomy at L5-S1 by Dr. Matthew Burry, his neurosurgeon, on November 13, 2008. On August 3, 2009, Dr. Barry placed Claimant at maximum medical improvement (MMI), without assigning work restrictions or permanent im *406 pairment, and referred Claimant to pain management.
On February 11, 2009, Claimant began treating with Dr. Rudolfo Panganiban, his authorized pain management physician. Dr. Panganiban placed Claimant at MMI on August 12, 2009, and assigned a four percent permanent impairment rating (PIR).
Claimant thereafter filed a petition for benefits seeking temporary partial, temporary total, and permanent total disability (PTD) benefits. The E/C responded by asserting, among others, an apportionment defense. In the order on appeal, the JCC found Claimant was PTD and concluded the E/C was entitled to apportion fifty percent of Claimant’s PTD benefits on the basis of Dr. Burry’s testimony that each accident is equally responsible for Claimant’s current condition. Claimant timely appealed.
Analysis
Apportionment is an affirmative defense; thus, the E/C has the burden of proving each element of the defense. See Tejada v. Collection Chevrolet, Inc., 594 So.2d 340 (Fla. 1st DCA 1992) (noting E/C’s failure to prove affirmative defense of apportionment). Section 440.15(5)(b), Florida Statutes (2008), addresses apportionment of permanent indemnity benefits and requires evidence of a “permanent impairment or disability attributable to the accident or injury” and an “anatomical impairment rating attributable to the preexisting condition.” Staffmark v. Merrell, 43 So.3d 792, 796 (Fla. 1st DCA 2010).
Here, although the E/C asserted an apportionment defense, the E/C failed to submit any medical evidence of an anatomical impairment rating attributable to a pre-existing condition. Claimant’s neurosurgeon testified that Claimant’s condition was split “probably 50/50” between his compensable injury and non-occupational injury, but did not testify that Claimant had a pre-existing anatomical impairment rating. Regarding permanent impairment, Dr. Burry deferred to Dr. Panganiban, who assigned a four percent PIR, but, similarly, did not testify that Claimant had a pre-existing anatomical impairment rating or disability. Because here, the JCC had before him no medical evidence which could support a finding of a pre-existing permanent impairment — a necessary element of entitlement to apportionment — the JCC erred in apportioning Claimant’s PTD benefits. See § 440.15(5)(b), Fla. Stat. (2008). Accordingly, we reverse the order on appeal, and remand for entry of an order consistent with this opinion.
REVERSED and REMANDED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.