PER CURIAM.
Anthony Giaimo was injured in a workplace accident that aggravated his injuries from a previous non-work accident. In this appeal, he contests: (a) the finding that his pre-existing injuries were aggravated by the work accident; and (b) the admission of medical testimony that his benefits for his disabilities should be apportioned and thereby reduced. We summarily affirm that the work-related accident aggravated a pre-existing condition, but reverse the conclusion that Giaimo’s benefits should be apportioned, explaining our reasons below.
I.
In 2010, Giaimo, an auto technician, injured his neck and lower back when he was rear-ended while test-driving a customer’s car. As a result, he underwent a cervical fusion and discectomy at the C5-C6 level, which was performed by Dr. Albert Lee, his authorized treating neurosurgeon. A few months before this work-related accident, Giaimo had been assigned an 8% permanent impairment that was based, in part, on a 2009 non-work motor vehicle accident in which Giaimo had injured his neck and lower back.
At the hearing on Giaimo’s claims for benefits arising from the 2010 work-related accident, the employer/carrier (E/C) agreed that Giaimo was permanently and totally disabled (PTD). The only issue, therefore, was whether the E/C’s affirmative defense of apportionment was applicable. Medical opinion testimony was provided by Dr. Lee, Dr. Robert Joseph (Giaimo’s authorized pain management physician), as well as Dr. Charles Wingo (one of Giaimo’s initial treating physicians). Based on this testimony, the E/C maintained that Giaimo experienced an aggravation of his pre-existing injuries and that his PTD benefits should be apportioned between the two accidents. Giaimo contended to the contrary, arguing that no basis existed to support an aggravation of his prior injuries; nor did the medical *387 testimony establish a legally-admissible basis for apportionment of his PTD benefits. Giaimo objected to the apportionment testimony of Dr. Lee as being “pure opinion” unsupported by a foundation of sufficient facts and data and lacking a basis in reliable medical principles and methods as required by section 90.702, Florida Statutes. The E/C countered that Dr. Lee, as Giaimo’s authorized treating physician, was in the best position to address apportionment.
The JCC concluded that Giaimo suffered" both a new cervical spine injury and an aggravation of a pre-existing condition, relying on the testimony of Dr. Joseph. The JCC also concluded that apportionment was appropriate, overruling Giaimo’s objection to Dr. Lee’s opinion:
because Dr. Lee was the authorized treating neurosurgeon, well qualified, and familiar with the claimant’s prior and current medical condition thereby providing him with sufficient information to offer an opinion on apportionment of the claimant’s condition and their causes. Moreover, said opinion was not a pure opinion, but rather an expert witness opinion based on knowledge, skill, training, and firsthand experience of the claimant’s physical condition.
The JCC excluded the apportionment testimony of Dr. Wingo, however, because his opinion lacked a factual basis. As such, the JCC ruled that the E/C was entitled to apportion Giaimo’s future benefits.
As to the degree of apportionment, Dr. Lee opined that it should be 85% for preexisting injuries and 15% for the 2010 injury. The E/C, however, chose to rely upon the excluded testimony of Dr. Wingo, who opined that apportionment should be 49% for pre-existing injuries and 51% for the 2010 injury. The JCC, noting that the E/C has “judiciously elected” to accept the lower percentage (49% versus 85%-), affirmed this election and entered an amended final order to that effect.
II.
An E/C may seek to apportion a claimant’s medical and indemnity benefits if a pre-existing condition is aggravated by, or merges with, the effects of a workplace injury. § 440.15(5)(b), Fla. Stat. Apportionment is an affirmative defense, and the E/C had the burden of proof to establish entitlement to the reduction in benefits. See Eaton v. City of Winter Haven, 101 So.3d 405, 406 (Fla. 1st DCA 2012) (“Apportionment is an affirmative defense; thus, the E/C has the burden of proving each element of the defense.”).
Our review of the record shows that competent substantial evidence supports the JCC’s finding that Giaimo suffered an aggravation of a pre-existing cervical condition. Finding no abuse of discretion, see King v. Auto Supply of Jupiter, Inc., 917 So.2d 1015, 1017 (Fla. 1st DCA 2006), we affirm this factual finding, one that is a prerequisite to consideration of the apportionment question.
Turning to the apportionment question, the sole legal issue — which we review de novo — is whether the testimony of Dr. Lee was based on medically acceptable evidence under section 440.15(5)(b), which requires that the E/C establish, with medical evidence, the degree of impairment to be apportioned. See Staffmark v. Merrell, 43 So.3d 792, 797 (Fla. 1st DCA 2010) (affirming JCC’s denial of E/C’s apportionment defense because medical evidence did not support same). We conclude that the apportionment testimony upon which the JCC relied was “pure opinion” and thereby inadmissible under section 90.702.
In 2013, the Florida Legislature modified section 90.702 “to adopt the standards *388 for expert testimony in the courts of this state as provided in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), General Electric Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and to no longer apply the standard in Frye v. United States, 293 F. 1013 (D.C.Cir.l923)[.]” See Ch. 13-107, § 1, Laws of Fla. (2013) (Preamble to § 90.702). As amended, sfection 90.702 now provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness' qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
(1) The testimony is based upon sufficient facts or data;
(2) The testimony is the product of reliable principles and methods; and
(3) The witness has applied the principles and methods reliably to the facts of the case.
§ 90.702, Fla. Stat. The Legislature’s adoption of the Daubert standard reflected its intent to prohibit “pure opinion testimony, as provided in Marsh v. Valyou, 977 So.2d 543 (Fla.2007)[.]” Ch. 13-107, § 1, Laws of Fla; see Charles W. Ehrhardt, 1 Fla. Prac., Evidence § 702.3 (2014 ed.) (“In adopting the amendment to section 90.702, the legislature specifically stated its intent that the Daubert standard was applicable to all expert testimony, including that in the form of pure opinion.”) (footnote omitted).
As to subsection (1) of the statute, Dr. Lee based his opinion on the medical records, including diagnostic studies, from the doctor who treated Giaimo for his 2009 non-work-related motor vehicle accident. Dr. Lee arguably had sufficient facts and data upon which he could base his opinion. We need not make a conclusive decision on this requirement, however, because we find that the second and third requirements were not met.
As to subsections (2) and (3), we review them in tandem, finding a lack of “reliable principles and methods” and thereby no reliable application of them. When Dr. Lee was asked how he arrived at the percentages attributable to Giaimo’s pre-exist-ing condition and those attributable to the workplace injury, he explained that “when I was asked and thought about it, that is the answer that I came up with.” This testimony provides no insight into what principles or methods were used to reach his opinion, and Dr. Lee did not demonstrate that he applied any such principles or methods to the facts of this case.
In rejecting Giaimo’s argument that Dr. Lee’s testimony was pure opinion testimony, the JCC explained that Dr. Lee’s “opinion was based on his experience and treatment of the claimant and thorough review of the medical and treatment records of Dr. Rodrigo Agbunag, M.D., who treated the claimant’s injuries sustained in the 2009 non-work related care accident.” This basis for Dr. Lee’s opinion, however, is precisely what makes it pure opinion testimony under Marsh, 977 So.2d at 548-49. Testimony of this type, though previously acceptable as pure opinion under Marsh, no longer suffices under section 90.702. The 2013 Legislature has made clear that the admissibility of expert opinions requires that the requirements of Daubert be met. Because no basis in the record exists to support that Dr. Lee’s testimony was “the product of reliable principles and methods” and that Dr. Lee applied such principles, the JCC’s conclusion that Dr. Lee’s testimony met Florida’s *389 newly-adopted Daubert standard is erroneous.
Accordingly, the JCC’s legal conclusion that the E/C was entitled to apportion Giaimo’s future benefits is REVERSED, and this matter is REMANDED for an order denying the affirmative defense of apportionment.
REVERSED and REMANDED
CLARK, WETHERELL, and MAKAR, JJ., concur.