PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying her request for medical treatment. Even though Claimant argues the JCC erred on multiple counts, we address only the overarching argument that the JCC erred in determining he was not required to address Claimant’s challenge, based on section 90.702, Florida Statutes, as amended July 1, 2013, regarding the admissibility of the expert opinion of the Employer’s independent medical examiner, Dr. Maniscalco. We agree the JCC erred in not applying such an analysis to Dr. Maniscalco’s expert opinion. Accordingly, we reverse the appealed order.
This Court long ago determined that the evidence code applies to workers’ compensation proceedings. See, e.g., Alford v. G. Pierce Woods Mem’l Hosp., 621 So.2d 1380, 1382 (Fla. 1st DCA 1993). See also U.S. Sugar Corp. v. Henson, 823 So.2d 104, 107 (Fla.2002) (“First, the Florida Evidence Code applies in workers’ compensation proceedings.”) (citing Alford, 621 So.2d at 1382). Effective July 1, 2013, the Legislature amended section 90.702 of the evidence code and adopted the admissibility test first described in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), commonly referred to as the Daubert test. Accordingly, we held in Giaimo v. Florida Autosport, Inc., 154 So.3d 385, 387 (Fla. 1st DCA 2014), that the 2013 modifications to section 90.702 must be applied to ascertain the admissibility of a treating neurosurgeon’s expert opinion on apportionment. We note that even though the JCC did not have the benefit of this Court’s opinion in Giaimo when he rendered his order under review, we nevertheless reverse the appealed order and remand with directions that the JCC apply the Daubert test, as codified in the Florida Evidence Code, to determine whether Dr. Maniscalco’s expert opinion is admissible. In doing so, we also direct the JCC to our recent opinion in Booker v. Sumter County Sheriffs Office, 166 So.3d 189 (Fla. 1st DCA 2015), in which we address the steps necessary for application of the Daubert test, beginning with timeliness and sufficiency of the motion.
REVERSED.
ROWE, SWANSON, and BILBREY, JJ., concur.