OSTERHAUS, J.,
concurring in result with opinion.
I concur with my colleagues’ conclusion that Dr. Tulsiak’s expert testimony should not have been excluded. His testimony could be applied reliably under Daubert to at least one competing version of the facts; if, for instance, the child was in respiratory distress .and EMS failed to evaluate his airway and transport him for medical care as required by its published protocol.
I do not, however, join the majority opinion’s inapplicable Frye-based discussion, nor its suggestion in a footnote that a constitutional challenge to the Daubert standard in § 90.702, Florida' Statutes, might have netted a Frye-based analysis. Neither party argued that the Frye test applied here. And even if they had, our court’s decisions have correctly required the 2013 modifications to § 90.702 to be applied to ascertain the admissibility of expert opinion. See, e.g., Perry v. City of St. Petersburg, 171 So.3d 224, 225 (Fla.. 1st DCA 2015) (remanding with directions to apply the Daubert test as codified in. the Florida Evidence Code).