IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID M. BARICKO,

      Appellant,

v.

BARNETT
TRANSPORTATION, INC. and
YORK RISK SERVICES
GROUP,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1304

Opinion filed January 17, 2017.

An appeal from an order of Judge of Compensation Claims.
Mark A. Massey, Judge.

Date of Accident: August 15, 2013.

Michael J. Winer and John F. Sharpless of Law Office of Michael J. Winer, P.A.,
Tampa, for Appellant.

Nicholas A. Shannin of Shannin Law Firm, P.A., Orlando, for Appellees.

PER CURIAM.

      AFFIRMED.

WOLF and LEWIS, JJ., CONCUR; WETHERELL, J., CONCURS WITH OPINION.

WETHERELL, J., concurring.

Amongst the six issues raised by the Claimant in this workers' compensation appeal is a claim that the Judge of Compensation Claims (JCC) erred in applying the Daubert[1] test codified in section 90.702, Florida Statutes, because that test is not applicable unless and until it is adopted by the Florida Supreme Court in In re Amendments to the Florida Evidence Code, Case No. SC16-181. This claim is unpreserved, and it is also frivolous.

This court specifically held in Giaimo v. Florida Autosport, Inc., 154 So. 3d 385, 388 (Fla. 1st DCA 2014), that the Daubert test now applies in workers' compensation proceedings. See also Booker v. Sumter Cty. Sheriff's Office, 166 So. 3d 189 (Fla. 1st DCA 2015). Although not explicated in the opinion, this holding was grounded on the settled principle that "the Florida Evidence Code applies in workers' compensation proceedings," United States Sugar Corp. v. G.J. Henson, 823 So. 2d 104, 107 (Fla. 2002), and the fact that the Daubert test is now specifically codified in the Florida Evidence Code. See ch. 2013-107, § 1, Laws of Fla. (amending § 90.702, Fla. Stat.); § 90.101, Fla. Stat. ("This chapter shall be known and may be cited as the 'Florida Evidence Code.'"). The JCC was bound by Giaimo—and the plain language of section 90.702—and therefore did not err in applying the Daubert test.

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

3

Additionally, although the Florida Supreme Court has the authority to adopt procedural rules for judicial proceedings under article V, section 2(a) of the Florida Constitution,[2] it is well established that the Court does not have the authority to establish procedural rules for executive branch quasi-judicial proceedings such as those under chapter 440, Florida Statutes.  See Amendments to the Fla. Rules of Workers' Comp. Procedure, 891 So. 2d 474, 478 (Fla. 2004) ("Given that the [Office of Judges of Compensation Claims] is not an article V court, but rather part of an executive branch department, we find that this Court has no authority under the Florida Constitution . . . to promulgate rules of practice and procedure for this executive entity.").  Accordingly, even if in In re Amendments to the Florida Evidence Code, supra, the Court declines to adopt the Daubert test in section 90.702 for judicial proceedings because the test is procedural in nature,[3] that decision will have no impact whatsoever on the applicability of the Daubert test in workers' compensation proceedings.

---

[2] This provision states in relevant part:  "The supreme court shall adopt rules for the practice and procedure in all courts . . . ." (emphasis added).

[3] See, e.g., In re Amendments to Fla. Evidence Code, 782 So. 2d 339, 341-42 (Fla. 2000) (recognizing that the Florida Evidence Code contains both substantive law and procedural requirements and adopting all of the amendments to the Code enacted by the Legislature from 1996 to 1999 "to the extent they are procedural," except for the 1998 amendment to the former testimony hearsay exception in section 90.803(22), Florida Statutes).

Finally, this claim was recently considered—and rejected as meritless—by our sister court in <u>Crane Co. v. DeLisle</u>, 2016 WL 6658470 (Fla. 4th DCA Nov. 9, 2016):

> [The plaintiff] also argues that this court lacks the authority to apply <u>Daubert</u>, as incorporated through section 90.702, Florida Statutes . . . because it is a legislative change to the evidence code that has not yet been approved by the Florida Supreme Court. However, statutes are presumed to be constitutional and are to be given effect until declared otherwise. Further, we, and other Florida appellate courts, have applied the statute to the admission of testimony. We therefore find that this argument lacks merit.

<u>Id.</u> at *3 n.7 (citations omitted).

For these reasons (and because the other five issues raised by the Claimant lack merit and do not warrant a written opinion), I concur in the disposition of this appeal by a "PCA."